D | W Dwoskin | Wasdin LLP

Eric S. Dwoskin
433 Plaza Real, Ste. 275
Boca Raton, FL 33432
561-849-8060
edwoskin@dwowas.com

January 15, 2025

VIA ECF

Hon. Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re: *Cavallaro-Kearins v. Delta Dental of New York, Inc.*, Case No. 7:24-cv-06946; response to DDNY's premotion conference letter (ECF 15).

Dear Judge Seibel:

DDNY provides dental insurance to its New York customers and operates an online portal that patients use to, among other things, access plan benefits and identify in-network medical providers that fit their needs and preferences. The complaint alleges that, unbeknownst to plan members, DDNY incorporated hidden tracking technologies into its online portal that discloses information to third-party marketing companies. The information disclosed reveals, among other things: (a) the fact that an individual is a DDNY plan member; and (b) the medical providers they searched for on the DDNY portal. The complaint alleges that these disclosures violate the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), federal regulations promulgated thereunder, and various other federal and state laws. ECF 9.

DDNY's letter argues that Plaintiff lacks Article III standing to pursue her claims and that she has not stated any claim. Arguments similar to DDNY's have been recently rejected by the Second Circuit and courts in this District. *See, e.g.*, *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 540 (2d Cir. 2024); *Cooper v. Mount Sinai Health Sys., Inc.*, 2024 WL 3586357 (S.D.N.Y. July 30, 2024). DDNY's letter ignores this and other on-point caselaw. And at least one of the in-district cases cited by DDNY—*Wallace v. Health Quest Sys., Inc.*, 2021 WL 1109727 (S.D.N.Y. Mar. 23, 2021) (cited at 3, for bailment)—sustained many of the claims at issue here. For these and other reasons, Plaintiffs believe that DDNY's proposed motion to dismiss lacks merit.

## I. Plaintiff has Article III Standing

The Second Circuit recently held that a plaintiff has Article III standing to challenge the disclosure of protected information via tracking technology on a website because the "alleged injury … is closely related to at least one common-law analog traditionally recognized as providing a basis

for a lawsuit in American courts: public disclosure of private facts." *Salazar*, 118 F.4th at 540. *Salazar* and similar cases hold that alleged privacy violations similar to those at issue here are "cases" and "controversies" under Article III over which this Court has jurisdiction. Thus, Plaintiff has Article III standing.

II. Plaintiff States a Claim[1]

Recent decisions by New York federal courts have sustained claims similar to those at issue here (*i.e.*, claims based on surreptitious disclosure of protected health information ("PHI") via tracking technologies on a patient portal). *See Cooper*, 2024 WL 3586357, at *10-12 (breach of fiduciary duty; breach of confidence; bailment; NY GBL § 349; and 18 USC § 2511(1)); *Kane v. Univ. of Rochester*, 2024 WL 1178340, at *4, 9, 11, 14-16 (W.D.N.Y. Mar. 19, 2024) (breach of contract; breach of confidence; unjust enrichment; bailment; NY GBL § 349 and 18 USC § 2511(1)). And DDNY's case, *Wallace*, sustained many of the claims too. *Wallace* 2021 WL 1109727, at *9, 11-14 (breach of implied contract; breach of confidence; and unjust enrichment). Plaintiff's claims are viable for the reasons stated in those opinions.

a. Breach of Contract and Implied Contract

Plaintiff bargained for privacy, as DDNY agreed to in its HIPAA Notice of Privacy Practices ("HIPAA Notice") and paid to be a DDNY plan member. DDNY breached the HIPAA Notice by disclosing Plaintiff's PHI without effective consent. ECF 9, ¶¶ 79-83, 178. Substantially similar claims were sustained in *Kane* and *Wallace. Kane*, 2024 WL 1178340, at *9 (breach of contract); *Wallace*, 2021 WL 1109727, at *9 (breach of implied contract). Plaintiff has been damaged in an amount to be quantified at trial. *See* ECF 9, ¶¶ 175-184. DDNY criticizes Plaintiff's damages; but, putting aside the merits of that criticism, "[t]hat damages are uncertain, or may not even exist, is an insufficient reason" to grant a motion to dismiss. *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.,* 2012 WL 3890128, at *11 (S.D.N.Y. Sept. 7, 2012). DDNY also argues that it had Plaintiff's consent to the alleged disclosures; but (a) consent is a fact-based issue not ripe for decision on Rule 12, and (b) in any event, the policy DDNY relies on does not authorize the disclosures and instead refers plan members to the HIPAA Notice (ECF 15-1 at 2), which Plaintiff alleges DDNY breached.

b. Breach of Fiduciary Duty and Confidence

DDNY is a fiduciary and otherwise established a confidential relationship with Plaintiff because an insurance company has a duty "to safeguard … clients' personal and confidential

[1] Plaintiff intends to dismiss her common-law invasion of privacy claim (Count I) and her claims under 18 USC §§ 2511(3), 2702, and 1030 (Counts X, XI, and XII).

D | W Dwoskin | Wasdin LLP



information." *Daly v. Metro. Life Ins. Co.*, 4 Misc. 3d 887, 892 (Sup. Ct. N.Y. Cty. 2004). For that reason, cases have recognized similar claims to those asserted here. *Cooper*, 2024 WL 3586357, at *12 (sustaining breach of fiduciary duty and breach of confidence); *Kane*, 2024 WL 1178340, at *14 (sustaining breach of confidence, but dismissing breach of fiduciary duty as duplicative of breach of confidence); *Wallace*, 2021 WL 1109727, at *12 (sustaining breach of confidence).

c. Unjust Enrichment

Plaintiff's unjust enrichment claim is not duplicative of her other claims because "Defendant disputes whether a contract exists." *Kane*, 2024 WL 1178340, at *16; *Wallace*, 2021 WL 1109727, at *11 (similar). Plaintiff is entitled to plead claims in the alternative. Fed. R. Civ. P. 8(a)(3) and 8(d)(2). If DDNY is ultimately successful in proving that no contract existed, Plaintiff will seek recovery under her alternative unjust enrichment theory.

d. Bailment

DDNY owed a duty to Plaintiff "arising out of Defendant's possession and control of Plaintiff['s] and Class Members' Private Information." *Kane*, 2024 WL 1178340, at *11 (cleaned up); ECF 9, ¶¶ 215-223.

e. NY GBL § 349

Contrary to DDNY's argument, "reliance is *not* an element of a section 349 claim." *Eidelman v. Sun Prods. Corp.*, 2022 WL 1929250, at *1 (2d Cir. June 6, 2022) (emphasis in original). In any event: (a) DDNY had an obligation under HIPAA to make the HIPAA Notice available to Plaintiff, and that obligation gives rise to an inference that DDNY indeed did so; and (b) where, as here, the agreement at issue is described in detail in the complaint, "the reasonable inference to be drawn is that [Plaintiff] saw the misleading statements." *Kane*, 2024 WL 1178340, at *17. *See also Cooper*, 2024 WL 3586357, at *11 (sustaining § 349 claim based on HIPAA notice). Plaintiff may also pursue a § 349 omissions theory, which would survive even if DDNY's reliance argument had merit. *See A.J. v. LMND Med. Grp., Inc.*, 2024 WL 4579143, at *2 (N.D. Cal. Oct. 25, 2024) (recognizing omissions theory). DDNY's consent argument fails for reasons explained above.

f. 18 USC § 2511(1)

The "electronic communications service provider" requirement does *not* apply to 18 USC § 2511(1). Conversely, the crime-tort exception *does* apply because of DDNY's violation of HIPAA. *See Kane*, 2024 WL 1178340, at *8 (sustaining 18 USC 2511(1)); *Cooper*, 2024 WL 3586357, at *10 (same). For these reasons, DDNY's arguments should be rejected.

D | W Dwoskin | Wasdin LLP



Respectfully submitted,

ERIC S. DWOSKIN

*Counsel for Plaintiff and the Putative Class*

cc: All Counsel of Record (via ECF)