D | W Dwoskin | Wasdin LLP

February 24, 2025

Hon. Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re: *Cavallaro-Kearins v. Delta Dental of New York, Inc.* ("DDNY"), Case No. 7:24-cv-06946; response to DDNY's letter motion to stay (ECF 23).

Dear Judge Seibel:

We write on behalf of Plaintiff in opposition to DDNY's letter motion to stay discovery pending resolution of DDNY's forthcoming motion to dismiss. DDNY's previewed motion to dismiss is contrary to several recent Rule 12 decisions by the Southern and Western Districts of New York sustaining substantially similar claims based on HIPAA covered entities disclosing protected health information via online tracking technology. *See* ECF 18 (citing, *e.g.*, *Cooper v. Mount Sinai Health Sys., Inc*., 2024 WL 3586357 (S.D.N.Y. July 30, 2024); *Kane v. Univ. of Rochester*, 2024 WL 1178340 (W.D.N.Y. Mar. 19, 2024)). At the January 22 pre-motion conference, the Court stated that DDNY should wrestle with this caselaw. But DDNY has not and cannot meaningfully distinguish it. ECF 23 (failing to cite *Cooper* or *Kane*). Given that DDNY cannot make a strong showing that its motion to dismiss will be granted, and has not shown any undue burden from proceeding with discovery now, the Court should deny DDNY's motion to stay in its entirety.

## A. Background

DDNY provides dental insurance to its New York customers and operates an online portal that patients use to, among other things, access plan benefits and identify in-network medical providers that fit their needs and preferences. The complaint alleges that, unbeknownst to plan members, DDNY incorporated hidden tracking technologies into its online portal that disclosed plan member information to third-party marketing companies. The information disclosed reveals, among other things: (a) the fact that an individual is a DDNY plan member; and (b) the medical providers they searched for on the DDNY portal. The complaint alleges that these disclosures violate the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), federal regulations promulgated thereunder, and various other federal and state laws. ECF 19.

DDNY filed a pre-motion letter regarding its anticipated motion to dismiss. ECF 15. In opposition, Plaintiff explained that arguments similar to DDNY's have been recently rejected by the Second Circuit and courts in this District. ECF 18 (citing *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 540 (2d Cir. 2024) (rejecting similar Article III standing challenge in online privacy case);

*Cooper*, 2024 WL 3586357 (S.D.N.Y. July 30, 2024) (sustaining similar claims to those asserted here). DDNY's pre-motion letter ignored this and other on-point caselaw. ECF 15. And at least one of the in-district cases cited by DDNY—*Wallace v. Health Quest Sys., Inc.*, 2021 WL 1109727 (S.D.N.Y. Mar. 23, 2021) (ECF 15 at 3, for bailment)—sustained many of the claims at issue here. DDNY's motion to stay continues to ignore this on-point caselaw. ECF 23.

As discussed below, there is no basis for a global stay and thus the Court should deny the motion.

**B. Legal Standard**

"[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed, because an overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Nielsen Co. (US) LLC v. TVSquared LTD.*, 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023). "The party seeking a stay of discovery bears the burden of showing good cause." *Id.* Courts generally consider three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Id*. All three factors support denying DDNY's motion.

**C. DDNY Has Not Made a Strong Showing that the Complaint Is Unmeritorious**

DDNY has not made a strong showing that the Complaint is unmeritorious. That occurs only when "the complaint is facially without merit or . . . the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." *Bennett v. Cuomo*, 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023). Here, Plaintiff has cited relevant authority in response to DDNY's challenge in its pre-motion conference letter. ECF 18. Indeed, it is *DDNY* that has been unable to distinguish the relevant authority showing that Plaintiff's claims have merit. ECF 18. At a bare minimum, Plaintiff has presented "strong arguments" against dismissal, which counsels against a stay. *Bennett*, 2023 WL 2021560, at *2.

**D. DDNY Has Not Shown Undue Burden Warranting a Stay**

DDNY identifies no unusual burden to proceeding with discovery, and instead relies on general assertions about the time and expense discovery can sometimes entail. But it is well settled that "conclusory contentions" about the burden of engaging in discovery "are not sufficient" to warrant a stay. *RBG Mgmt. Corp. v. Village Super Market, Inc.*, 2023 WL 1996920, at *2 (S.D.N.Y. Jan. 24, 2023) ("[Generally describe[ing] the costs of participating in standard civil discovery" is not sufficient). Indeed, DDNY does little more than pointing to the *topics* of discovery Plaintiff identified in the Rule 26 report. However, if DDNY believes that any particular request (or, for that matter, topic) will create an undue burden, the appropriate procedure is to object to *that request*, meet and confer with Plaintiff's counsel about the specific issues, and, if necessary, submit any discrete and

remaining dispute to the Court. *Nam v. Perm. Mission of Repub. Of Korea to United Nations*, 2022 WL 44772, at *1 (S.D.N.Y. Jan. 4, 2022) ("If Defendant[] believe[s] Plaintiff's discovery requests exceed the scope of Rule 26 . . . then Defendant[] may, after meeting and conferring with Plaintiff, file an objection."). The mere possibility of a future dispute over one or more discovery requests is not a basis to seek a global stay.

DDNY suggests that its pending motion to dismiss may at least succeed in resolving *some* of Plaintiff's claims and thus "substantially narrow" the case. ECF 23 at 3-4. This partial-dismissal argument fails because, as noted in Section C above, DDNY has not shown that its motion to dismiss is likely to be successful. But even putting that aside, *all* of Plaintiff's claims relate to the same core set of allegations: DDNY installed tracking technology on its patient portal that disclosed plan member information to third parties. The scope of discovery in this case will be substantially similar regardless of whether all or merely some of Plaintiff's causes of action survive a motion to dismiss. There is thus no basis for DDNY's suggestion that a *partial* grant of Plaintiff's motion to dismiss will "substantially narrow" discovery.

### E. DDNY Has Not Shown that Plaintiff Would Not be Prejudiced by a Stay

As an initial matter, where, as here, the defendant has not shown the first two factors (*i.e.*, a likelihood of success on the merits and undue prejudice from proceeding with discovery), the purported absence of prejudice to the plaintiff is not a standalone basis to enter a stay. *Bennett*, 2023 WL 2021560, at *5 (a "lack of prejudice alone does not merit a stay"). Thus, DDNY's motion should be denied for the reasons stated above, regardless of the prejudice to Plaintiff.

That said, a stay *would* prejudice Plaintiff here. Under the present briefing schedule, the motion papers will not be complete until May 21, 2025. The Court will thereafter take time to decide the motion. Thus, entering a discovery stay now would necessarily stall the case for many months.

DDNY argues that this delay causes no prejudice to Plaintiff because there are no spoliation concerns. But that is not accurate. As an initial matter, some of the most important data in the case is in the possession of the third-party technology vendors with whom DDNY shared its plan member data. Those companies may or may not preserve the data during the pendency of any stay. Moreover, whether DDNY's records memorialize the tracking technology on its patient portal at any particular point in time—and the plan member data collected and transmitted to third parties by those technologies—remains to be seen, and it is likely true that at least some of those facts will need to be elicited from depositions of DDNY's IT personnel, whose memories, like all witnesses', may fade over time. These issues—potential ordinary course data destruction by the third-party vendors, and a diminishing ability to elicit accurate technological testimony from DDNY's witnesses—make prejudice to Plaintiff *inherent* in any stay. This is exactly the sort of "unnecessary discovery delay" that the good cause standard is designed to guard against. *Nielsen*, 2023 WL 4363005, at *1.

There is also the separate issue of class discovery. Any class-wide resolution of this case will require the best notice practicable to absent class members. Plaintiff anticipates that DDNY's records will

identify its plan members and their last known contact information. That contact information may or may not be current; individuals move and change jobs and email addresses. Injecting a multi-month delay into the beginning of the case may impact the parties' ability to provide less expensive types of notice (e.g., email notice) to some subset of the putative class.

DDNY's argument that there are no "pressing deadlines" ignores the issues identified above. Even putting that aside, there are almost never "pressing deadlines" in a scheduling order at the start of civil litigation. Thus, if DDNY's argument were accepted, it would be a basis to stay initial discovery in *every* case, when the normal rule is exactly the opposite. *Bensmaine v. City of New York*, 2022 WL 3362188, at *2 (S.D.N.Y. Aug. 15, 2022) (noting that an argument similar to the one made by DDNY here "proves too much," as "[i]f accepted, it would preclude a finding of prejudice in every case in which the moving party asks for a stay pending the resolution of its motion"); *see also* Fed. R. Civ. P. 26 (discovery opens automatically after the parties' Rule 26(f) conference).

***

At bottom, DDNY is arguing for a departure from the normal timing of discovery contemplated by the Federal Rules. But DDNY has not shown cause for such a request: Plaintiff's claims are supported in the caselaw; DDNY identified no specific or unusual burden to proceeding in the ordinary course; and the proposed stay inherently prejudices Plaintiff's ability to develop the evidence needed to remedy the alleged harms, including on behalf of the class. The Court should deny the stay request.

Respectfully submitted,

ERIC S. DWOSKIN

*Counsel for Plaintiff and the Putative Class*

cc: All Counsel of Record (via ECF)