**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

PATRICIA CAVALLARO-KEARINS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DELTA DENTAL OF NEW YORK, INC.,

Defendant.

Case No. 7:24-CV-06946-CS

**DEFENDANT DELTA DENTAL OF NEW YORK, INC.'S ANSWER TO PLAINTIFF PATRICIA CAVALLARO-KEARINS' SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant Delta Dental of New York, Inc. ("Delta Dental" or "DDNY"), through its undersigned counsel, hereby answers and responds to Plaintiff Patricia Cavallaro-Kearins' Second Amended Class Action Complaint (the "Complaint" or "SAC") as follows ("Answer"):

**INTRODUCTION**

1. In response to paragraph 1, DDNY admits only that it uses certain cookies, pixels, and web technologies on https://www1.deltadentalins.com/ (the "Website"). DDNY denies that the information collected by these cookies, pixels, and web technologies constitutes Personal Health Information ("PHI"). DDNY also denies that it makes any unauthorized disclosures of Personally Identifiable Data ("PII") or PHI to third parties for pecuniary gain and otherwise denies the remaining allegations in paragraph 1 as written.

2. In response to paragraph 2, DDNY admits only that its Website provides users with certain services, including the ability to search for a dentist. DDNY denies the remaining allegations in paragraph 2 as written.

3. In response to paragraph 3, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

4. In response to paragraph 4, DDNY admits only that it uses or has used certain cookies, pixels, or web technologies provided by Adobe, Google, Datadog, and Qualtrics on the Website. DDNY denies that any information collected via these technologies is confidential and otherwise denies the remaining allegations in paragraph 4 as written.

5. In response to paragraph 5, DDNY states that the allegations in paragraph 5 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies such allegations as written.

6. In response to the first sentence of paragraph 6, DDNY states that the allegations in the first sentence of paragraph 6 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies such

allegations as written. DDNY denies the allegations in the second sentence of paragraph 6 as written.

7. In response to paragraph 7, DDNY states that the allegation in paragraph 7 that Private Information is "simultaneously intercepted by Adobe, Google, Datadog, and Qualtrics" is a mere legal argument and conclusion to which no response is required. To the extent a response is required, DDNY denies such allegations as written. As it relates to the remaining allegations in paragraph 7, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies such allegations.

8. In response to paragraph 8, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

9. In response to paragraph 9, DDNY states that the allegations in paragraph 9 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies such allegations as written.

10. In response to paragraph 10, DDNY denies the allegations. As it relates to the allegations contained in footnote 1 of paragraph 10, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

11. In response to paragraph 11, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

12. In response to paragraph 12, DDNY states that the allegations in paragraph 12

are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies such allegations as written.

13. In response to paragraph 13, DDNY states that the allegations in paragraph 13 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies such allegations as written.

14. In response to paragraph 14, DDNY admits that Plaintiff appears to quote from a publicly available article. However, DDNY denies that the cited article supports the material as quoted and respectfully refers the Court to the URL in Footnote 2 for the full text and context. Answering further, DDNY states that the remaining allegations in paragraph 14 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies such allegations as written.

15. In response to paragraph 15, DDNY admits that Plaintiff appears to quote from a publicly available article. However, DDNY denies that the cited article supports the material as quoted and respectfully refers the Court to the URL in Footnote 3 for the full text and context. Answering further, DDNY states that the remaining allegations in paragraph 14 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies such allegations as written.

16. In response to paragraph 16, DDNY states that the allegations in paragraph 16 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies such allegations as written.

17. In response to paragraph 17, DDNY denies the allegations.

18. In response to paragraph 18, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that

basis denies such allegations.

19. In response to paragraph 19, DDNY denies the allegations.

20. In response to paragraph 20, DDNY denies that Plaintiff and Class Members have suffered any cognizable, concrete, or actual injury. As it relates to the remaining allegations in paragraph 20, DDNY states that the remaining allegations in paragraph 20 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies such allegations.

21. In response to paragraph 21, DDNY admits that Plaintiff is asserting causes of action for (i) Breach of Contract; (ii) Breach of Fiduciary Duty; (iii) Unjust Enrichment; (iv) Breach of Implied Contract; (v) Breach of Confidence; (vi) bailment; (vii) Violation of New York's Deceptive Trade Practices Act (New York Gen. Bus. Law § 349); and (viii) Violation of the Wiretap Act (18 U.S.C. § 2510, et seq.) on behalf of herself and a class of similarly situated individuals. DDNY denies that Plaintiff has suffered any "harms" that need to be "remed[ied]", denies that Plaintiff has sufficiently stated or proved such causes of action, and denies any liability for such causes of action.

**PARTIES**

22. In response to paragraph 22, DDNY admits it is registered as a non-profit expense indemnity corporation in the state of New York with its principal place of business at One Delta Drive, Mechanicsburg, PA 17055.

23. In response to the first sentence of paragraph 23, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to Plaintiffs' citizenship and actions and on that basis denies such allegations. In response to the second sentence of paragraph 23, DDNY states that the allegations in the second sentence of

paragraph 23 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

**JURISDICTION & VENUE**

24. In response to paragraph 24, consistent with DDNY's motion to dismiss, DDNY denies that this court has subject matter jurisdiction pursuant to Article III of the United State Constitution because Plaintiff lacks Article III standing to pursue her claims. Answering further, DDNY admits the Court has subject-matter jurisdiction pursuant to 8 U.S.C. § 1331 because it arises under the laws of the United States; however, DDNY denies that Plaintiff and the putative class members are entitled to any damages amounting to or in excess of $5,000,000.00 and similarly denies that this Action qualifies for certification as a class. Except as so admitted and with respect to the remaining allegations, DDNY states that the allegations in paragraph 24 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies such allegations as written.

25. In response to paragraph 25, DDNY states that the allegations in paragraph 25 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies such allegations as written.

26. In response to paragraph 26, for the purposes of this proceeding, DDNY does not object to venue and does not deny the alleged propriety of the same.

**COMMON FACTUAL ALLEGATIONS**

**A. Defendant Improperly Disclosed Plaintiff's & Class Members' Private Information.**

27. In response to paragraph 27, DDNY admits it offers dental health insurance as a dental expense indemnity corporation in the state of New York.

28. DDNY admits the allegations in paragraph 28.

29. In response to paragraph 29, DDNY admits only that it uses or has used certain cookies, pixels, and web technologies as part of the operation of the Website. Except as so admitted, DDNY denies the remaining allegations in paragraph 29 as written.

30. DDNY denies the allegations in paragraph 30 as written.

31. In response to paragraph 31, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

32. DDNY denies the allegations in paragraph 32.

33. DDNY denies the allegations in paragraph 33.

34. In response to Paragraph 34, DDNY states that the allegations in paragraph 34 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies that every enumerated category of information was collected and shared with every web technology vendor, and admits only that some of the enumerated information may have been collected by some of the cookie, pixel, and web technologies as part of the operation of the Website. DDNY denies that any of the enumerated information was "intercepted", that any of the information enumerated constitutes "private information", and DDNY denies the remaining allegations in paragraph 34.

35. DDNY denies such allegations in paragraph 35.

**B. Background on Web Browsers, Source Code, & Tracking Technologies.**

36. In response to paragraph 36, DDNY states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies such allegations.

37. In response to paragraph 37, DDNY states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies such

allegations.

38. In response to paragraph 38, DDNY states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies such allegations.

39. In response to paragraph 39, DDNY states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies such allegations.

40. In response to paragraph 40, DDNY states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies such allegations.

41. In response to paragraph 41, DDNY states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies such allegations.

42. In response to paragraph 42, as it relates to the allegation that "a website developer like Defendant can use its source code to commandeer the user's computer device," DDNY denies the allegations. As it relates to the remaining allegations in paragraph 42, DDNY states it lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies such allegations.

43. In response to paragraph 43, DDNY states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies such allegations.

44. In response to paragraph 44, DDNY states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies such

allegations.

45. In response to paragraph 45, DDNY states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies such allegations.

46. In response to paragraph 46, DDNY states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies such allegations.

47. In response to paragraph 47, DDNY states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies such allegations.

### C. How Delta Dental Discloses Class Members' Protected Health Information and Assists with Intercepting Communications.

48. In response to paragraph 48, DDNY admits that it uses or has used cookies, pixels, and/or web technologies provided by Google, Adobe, Datadog, and Qualtrics on the Website. Except as so admitted, DDNY denies the remaining allegations in paragraph 48 as written.

49. In response to paragraph 49, DDNY states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies such allegations.

50. In response to paragraph 50, DDNY states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies such allegations.

51. In response to paragraph 51, DDNY states it lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies such

allegations.

52. In response to paragraph 52, DDNY states that this paragraph contains no allegation to admit or deny and thus, DDNY need not respond. To the extent a response is required, DDNY denies the allegations in paragraph 52.

53. In response to paragraph 53, DDNY admits that Google Ads, Google Doubleclick Ads, and Google Analytics were previously installed on the Website. Except as so admitted, DDNY denies the remaining allegations in paragraph 53 as written.

54. In response to paragraph 54, DDNY admits that Plaintiff attempts to describe the experience of utilizing the Website but denies that such description is accurate or fulsome. DDNY respectfully refers the Court to the Website for the full text and context of the described material. DDNY admits that a user may search for a dentist on the Website. DDNY denies all remaining allegations in paragraph 54 as written because they reflect a non-descript hypothetical experience of an alleged, unidentified “plan member”.

55. In response to paragraph 55, DDNY admits that Plaintiff attempts to describe the experience of utilizing the Website but denies that such description is accurate or fulsome. DDNY respectfully refers the Court to the Website for the full text and context of the described material. DDNY admits that a user may choose to input address, city, zip code, and keywords when searching for a dentist on the Website. DDNY denies all remaining allegations in paragraph 55 as written because they reflect a non-descript hypothetical experience of an alleged, unidentified “plan member”.

56. In response to paragraph 56, DDNY admits that Plaintiff attempts to describe the experience of utilizing the Website but denies that such description is accurate or fulsome. DDNY respectfully refers the Court to the Website for the full text and context of the described

material. DDNY admits that a user may search for a dentist on the Website to locate in-network dentists and that results from that query may be produced. DDNY denies all remaining allegations in paragraph 56 as written because they reflect a non-descript hypothetical experience of an alleged, unidentified "plan member".

57. In response to paragraph 57, DDNY admits that Plaintiff attempts to describe the experience of utilizing the Website but denies that such description is accurate or fulsome. DDNY respectfully refers the Court to the Website for the full text and context of the described material. DDNY states it lacks sufficient knowledge or information to form a belief as to the truth, accuracy, or authenticity of the screenshot appended to paragraph 57 and on that basis denies such allegations. Answering further, DDNY denies all remaining allegations in paragraph 57 as written because they reflect a non-descript hypothetical experience of an alleged, unidentified "plan member".

58. In response to paragraph 58, DDNY admits only that it used certain cookies, pixels, and web technologies provided by Google on its Website. As it relates to the remaining allegations in paragraph 58, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such remaining allegations. Answering further, DDNY denies all remaining allegations in paragraph 58 as written because they reflect a non-descript hypothetical experience of an alleged, unidentified "plan member".

59. In response to paragraph 59, DDNY admits that Plaintiff attempts to describe the experience of utilizing the Website but denies that such description is accurate or fulsome. DDNY respectfully refers the Court to the Website for the full text and context of the described material. DDNY states that it lacks sufficient knowledge or information to form a belief as to the

truth of the allegations in this paragraph because they reflect a non-descript hypothetical experience of an alleged, unidentified "plan member" and on that basis denies such allegations.

60. In response to paragraph 60, DDNY admits that Plaintiff attempts to describe the experience of utilizing the Website but denies that such description is accurate or fulsome. DDNY respectfully refers the Court to the Website for the full text and context of the described material. DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because they reflect a non-descript hypothetical experience of an alleged, unidentified "plan member" and on that basis denies such allegations.

61. In response to paragraph 61, DDNY admits that Plaintiff attempts to describe the experience of utilizing the Website but denies that such description is accurate or fulsome. DDNY respectfully refers the Court to the Website for the full text and context of the described material. DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because they reflect a non-descript hypothetical experience of an alleged, unidentified "plan member" and on that basis denies such allegations.

62. In response to paragraph 62, DDNY admits that Plaintiff attempts to describe the experience of utilizing the Website but denies that such description is accurate or fulsome. DDNY respectfully refers the Court to the Website for the full text and context of the described material. DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because they reflect a non-descript hypothetical experience of an alleged, unidentified "plan member" and on that basis denies such allegations.

63. In response to paragraph 63, DDNY admits that Plaintiff attempts to describe the experience of utilizing the Website but denies that such description is accurate or fulsome. DDNY respectfully refers the Court to the Website for the full text and context of the described

material. DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because they reflect a non-descript hypothetical experience of an alleged, unidentified "plan member" and on that basis denies such allegations.

64. In response to paragraph 64, DDNY admits that Plaintiff attempts to describe the experience of utilizing the Website but denies that such description is accurate or fulsome. DDNY respectfully refers the Court to the Website for the full text and context of the described material. DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because they reflect a non-descript hypothetical experience of an alleged, unidentified "plan member" and on that basis denies such allegations.

65. In response to paragraph 65, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because they reflect a non-descript hypothetical experience of an alleged, unidentified "plan member" and on that basis denies such allegations.

66. In response to paragraph 66, DDNY admits that Plaintiff attempts to describe the experience of utilizing the Website but denies that such description is accurate or fulsome. DDNY respectfully refers the Court to the Website for the full text and context of the described material. DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because they reflect a non-descript hypothetical experience of an alleged, unidentified "plan member" and on that basis denies such allegations.

67. In response to paragraph 67, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because they reflect a non-descript hypothetical experience of an alleged, unidentified "plan member" and on that basis denies such allegations.

68. In response to paragraph 68, DDNY admits that Plaintiff appears to quote and paraphrase from a publicly-available article. However, DDNY denies that the cited article supports the material as quoted and respectfully refers the Court to the URL in Footnote 6 for the full text and context. Answering further, DDNY states that the remaining allegations in paragraph 68 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies such allegations as written.

69. In response to paragraph 69, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

70. In response to paragraph 70, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations. Answering further, DDNY also states that the allegations in paragraph 70 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies such allegations as written.

71. In response to paragraph 71, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because they reflect a non-descript hypothetical experience of an alleged, unidentified "plan member" and on that basis denies such allegations. Answering further, DDNY also states that the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

72. In response to paragraph 72, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because they reflect a non-descript hypothetical experience of an alleged, unidentified "plan member" and on

that basis denies such allegations.

73. In response to paragraph 73, DDNY denies the allegations as written.

74. In response to paragraph 74, DDNY admits only that it previously had a pixel provided by Meta on certain webpages of its Website. As it relates to the remaining allegations in paragraph 74, DDNY denies those remaining allegations as written.

75. In response to paragraph 75, DDNY denies the allegations as written.

76. In response to paragraph 76, DDNY denies the allegations as written.

77. In response to paragraph 77, DDNY denies the allegations as written.

78. In response to paragraph 78, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

**D. Defendant's HIPAA Notice of Privacy Practices & Promises.**

79. In response to paragraph 79, DDNY admits that Plaintiff appears to quote and paraphrase DDNY's privacy policy.[1] However, DDNY denies that the cited policy supports the allegation as quoted and respectfully refers the Court to the URL for the full text and context. Answering further, DDNY states that the quoted material speaks for itself and requires no response. To the extent a response is required, DDNY denies the allegations as written.

80. In response to paragraph 80, DDNY admits that Plaintiff appears to paraphrase DDNY's privacy policy. However, DDNY denies that the cited policy supports the allegation and respectfully refers the Court to the URL for the full text and context. Answering further, DDNY states that the quoted material speaks for itself and requires no response. To the extent a response is required, DDNY denies the allegations as written.

---

[1] Available at https://www.deltadental.com/us/en/about-us/privacy-policy.html.

81. In response to paragraph 81, DDNY denies the allegations.

82. In response to paragraph 82, DDNY denies the allegations.

83. In response to paragraph 83, DDNY denies the allegations.

**E. Defendant Violated HIPAA.**

84. In response to paragraph 84, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

85. In response to paragraph 85, DDNY admits that Plaintiff appears to quote and paraphrase from the Privacy Rule. However, DDNY respectfully refers the Court to the Privacy Rule for the full text and context and states that the quoted material speaks for itself and requires no response. DDNY also states the allegations in paragraph 85 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

86. In response to paragraph 86, DDNY admits that Plaintiff appears to quote and paraphrase from the Privacy Rule. However, DDNY respectfully refers the Court to the Privacy Rule for the full text and context and states that the quoted material speaks for itself and requires no response. DDNY also states that the allegations in paragraph 86 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

87. In response to paragraph 87, DDNY admits that Plaintiff appears to quote and paraphrase from the Privacy Rule. However, DDNY respectfully refers the Court to the Privacy Rule for the full text and context and states that the quoted material speaks for itself and requires no response. DDNY also states that the allegations in paragraph 87 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies

the allegations as written.

88. In response to paragraph 88, DDNY admits that Plaintiff appears to quote and paraphrase from the Privacy Rule. However, DDNY respectfully refers the Court to the Privacy Rule for the full text and context and states that the quoted material speaks for itself and requires no response. DDNY also states that the allegations in paragraph 86 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

89. In response to paragraph 89, DDNY admits that Plaintiff appears to quote and paraphrase from a publicly available bulletin. However, DDNY denies that the cited bulletin supports the material as quoted and respectfully refers the Court to the URL in footnote 9 for the full text and context and further states that the quoted material speaks for itself and requires no response. DDNY also states that the allegations in paragraph 89 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

90. In response to paragraph 90, DDNY admits that Plaintiff appears to quote and paraphrase from the Privacy Rule. However, DDNY respectfully refers the Court to the Privacy Rule for the full text and context and states that the quoted material speaks for itself and requires no response. DDNY also states that the allegations in paragraph 90 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegation as written.

91. In response to paragraph 91, DDNY admits that Plaintiff appears to quote and paraphrase from the Privacy Rule. However, DDNY respectfully refers the Court to the Privacy Rule for the full text and context and states that the quoted material speaks for itself and requires

no response. DDNY also states that the allegations in paragraph 91 are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegation as written.

92. In response to paragraph 92, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

93. In response to paragraph 93, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

**i. Plan member status is among the health information protected by HIPAA**

94. In response to paragraph 94, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

95. In response to paragraph 95, DDNY admits that Plaintiff appears to quote paraphrase from a publicly available guidance document. DDNY respectfully refers the Court to the URL in footnote 10 for the full text and context and further states that the quoted material speaks for itself and requires no response. DDNY also states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

96. In response to paragraph 96, DDNY admits that Plaintiff appears to quote and paraphrase from a publicly available guidance document. DDNY respectfully refers the Court to the URL in footnote 11 for the full text and context and further states that the quoted material speaks for itself and requires no response. DDNY also states the allegations are mere legal

arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

97. In response to paragraph 97, DDNY admits that Plaintiff appears to quote and paraphrase from a publicly available guidance document. DDNY respectfully refers the Court to the URL in footnote 11 for the full text and context and further states that the quoted material speaks for itself and requires no response. DDNY also states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

98. In response to paragraph 98, DDNY admits that Plaintiff appears to quote and paraphrase from a publicly available guidance document from HHS. However, DDNY denies that the cited document supports the material as quoted and respectfully refers the Court to the URL in footnote 11 for the full text and context. Answering further, DDNY states that the quoted material speaks for itself and requires no response. DDNY also states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

99. [There is no paragraph 99 in Plaintiff's Second Amended Complaint.]

**ii. There is no HIPAA exception for marketing on the Internet.**

100. In response to paragraph 100, DDNY admits that Plaintiff appears to quote and paraphrase from a publicly available bulletin. DDNY respectfully refers the Court to the URL in footnote 12 for the full text and context and further states that the quoted material speaks for itself and requires no response. DDNY also states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

101. In response to paragraph 101, DDNY admits that Plaintiff appears to quote and paraphrase from a publicly available bulletin. However, DDNY denies that the cited bulletin supports the material as quoted and respectfully refers the Court to the URL in footnote 13 for the full text and context. Answering further, DDNY states that the quoted material speaks for itself and requires no response. DDNY also states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

102. In response to paragraph 102, DDNY admits that Plaintiff appears to quote and paraphrase from a publicly available bulletin. DDNY respectfully refers the Court to the URL in footnote 13 for the full text and context and further states that the quoted material speaks for itself and requires no response. DDNY also states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

103. In response to paragraph 103, DDNY admits that Plaintiff appears to quote and paraphrase from a publicly available bulletin. DDNY respectfully refers the Court to the URL in footnote 15 for the full text and context and further states that the quoted material speaks for itself and requires no response. DDNY also states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

104. In response to paragraph 104, DDNY admits that Plaintiff appears to quote and paraphrase from a publicly available bulletin. DDNY respectfully refers the Court to the URL in footnote 15 for the full text and context and further states that the quoted material speaks for itself and requires no response. DDNY also states the allegations are mere legal arguments

and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

105. In response to paragraph 105, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

**F. Plaintiff's & Class Members' Expectation of Privacy.**

99. In response to paragraph 99,[2] DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

**G. Internet Cookies Are Personally Identifiable**

100. In response to paragraph 100, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

101. In response to paragraph 101, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

102. In response to paragraph 102, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

103. In response to paragraph 103, DDNY states the allegations are mere legal

[2] Section E of Plaintiffs' Second Amended Complaint ends with paragraph 105, however, Section F begins with paragraph 99, thus repeating 7 paragraph numbers. For clarity, DDNY is responding to the Paragraphs as numbered, however its responses to Paragraphs 99-105 in Sections F and G are entirely independent of its responses to Paragraphs 100-105 of Section E.

arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations as written.

104. In response to paragraph 104, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

105. In response to paragraph 105, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

106. In response to paragraph 106, DDNY denies the allegations.

**H. IP Addresses are Personally Identifiable Information.**

107. In response to paragraph 107, DDNY denies the allegations as written.

108. In response to paragraph 108, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

109. In response to paragraph 109, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

110. In response to paragraph 110, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

111. In response to paragraph 111, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

112. In response to paragraph 112, DDNY states that it lacks sufficient knowledge

or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

113. In response to paragraph 113, DDNY admits that Plaintiff appears to quote and paraphrase from the Privacy Rule. DDNY respectfully refers the Court to the Privacy Rule for the full text and context and further states that the quoted material speaks for itself and requires no response. DDNY also states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegation as written.

114. In response to paragraph 114, DDNY admits that Plaintiff appears to quote and paraphrase from a publicly available bulletin. However, DDNY denies that the cited bulletin supports the material as quoted and respectfully refers the Court to the URL in footnote 17 for the full text and context. Answering further, DDNY states that the quoted material speaks for itself and requires no response. DDNY also states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegation.

115. In response to paragraph 115, DDNY denies the allegations.

**I. Defendant Was Unjustly Enriched from the Use of The Tracking Technologies.**

116. In response to paragraph 116, DDNY denies the allegations.

117. In response to paragraph 117, DDNY denies the allegations.

118. In response to paragraph 117, DDNY denies the allegations.

119. In response to paragraph 119, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

120. In response to paragraph 120, DDNY denies the allegations.

121. In response to paragraph 121 DDNY denies the allegations.

**J. Plaintiff's and Class members' Private Information has economic value.**

122. In response to paragraph 122 DDNY denies the allegations.

123. In response to paragraph 123, DDNY admits that Plaintiff appears to quote and paraphrase from publicly available websites. However, DDNY denies that the cited websites support the material as quoted and respectfully refers the Court to the URLs in footnotes 18 and 19 for the full text and context. DDNY states that the quoted material speaks for itself and requires no response. To the extent a response is required, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

124. In response to paragraph 124, DDNY admits that Plaintiff appears to quote and paraphrase from publicly available papers. However, DDNY denies that the cited papers support the material as quoted and respectfully refers the Court to the URL in footnote 20 and 21 for the full text and context. DDNY states that the quoted material speaks for itself and requires no response. To the extent a response is required, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

125. In response to paragraph 125, DDNY admits that Plaintiff appears to quote and paraphrase from a book. However, DDNY denies that the book supports the material as quoted and respectfully refers the Court to the book for the full text and context. DDNY states that the quoted material speaks for itself and requires no response. To the extent a response is required, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

126. In response to paragraph 126, DDNY admits that Plaintiff appears to quote

and paraphrase from a publicly available article. DDNY respectfully refers the Court to the article for the full text and context. DDNY states that the quoted material speaks for itself and requires no response. To the extent a response is required, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

127. In response to paragraph 127, DDNY admits that Plaintiff appears to quote and paraphrase from a publicly available article. DDNY respectfully refers the Court to the article for the full text and context. DDNY states that the quoted material speaks for itself and requires no response. To the extent a response is required, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

128. In response to paragraph 128, DDNY admits that Plaintiff appears to quote and paraphrase from a publicly available article. DDNY respectfully refers the Court to the URL in footnote 25 for the full text and context. DDNY states that the quoted material speaks for itself and requires no response. To the extent a response is required, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

129. In response to paragraph 129, DDNY admits that Plaintiff appears to quote and paraphrase from a publicly available article. However, DDNY denies that the cited article supports the material as quoted and respectfully refers the Court to the URL in footnote 26 for the full text and context. DDNY states that the quoted material speaks for itself and requires no response. To the extent a response is required, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis

denies such allegations.

130. In response to paragraph 130, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

131. In response to paragraph 131, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

132. In response to paragraph 132, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

133. In response to paragraph 133, DDNY admits that Plaintiff appears to quote and paraphrase from publicly available websites. However, DDNY denies that the cited websites support the material as quoted and respectfully refers the Court to the URLs in footnotes 27, 28, 29, 30, 31, and 32 for the full text and context. DDNY states that the quoted material speaks for itself and requires no response. To the extent a response is required, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

134. In response to paragraph 134, In response to paragraph 133, DDNY admits that Plaintiff appears to quote and paraphrase from a publicly available article. However, DDNY denies that the cited article supports the material as quoted and respectfully refers the Court to the URL in footnote 33 for the full text and context. DDNY states that the quoted material speaks for itself and requires no response. To the extent a response is required, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this

paragraph and on that basis denies such allegations.

**REPRESENTATIVE PLAINTIFF'S EXPERIENCE**

135. In response to paragraph 135, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

136. In response to paragraph 136, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

137. In response to paragraph 137, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

138. In response to paragraph 138, DDNY denies such allegations.

139. In response to paragraph 139, DDNY denies such allegations.

140. In response to paragraph 140, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as written and on that basis denies such allegations as written.

141. In response to paragraph 141, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as written and

on that basis denies such allegations as written.

142. In response to paragraph 142, DDNY denies the allegations as written.

143. In response to paragraph 143, DDNY denies the allegations.

144. In response to paragraph 144, DDNY denies the allegations.

145. In response to paragraph 145, DDNY states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

**TOLLING**

146. In response to paragraph 146, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations.

**CLASS ACTION ALLEGATIONS**

147. In response to paragraph 147, DDNY admits that Plaintiff alleges that she brings this action on her own and, pursuant to Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure on behalf of a purported class. However, DDNY denies that a class should be certified here and denies all remaining allegations.

148. In response to paragraph 148, DDNY admits that Plaintiff's purported class is defined as: All individuals residing in the State of New York whose Private Information was disclosed to a third party without authorization or consent through the Tracking Technologies on Defendant's Website. However, DDNY denies that a class should be certified here and denies all remaining allegations.

149. In response to paragraph 149, DDNY admits that Plaintiffs allege that they seek to exclude: Defendant, its agents, affiliates, parents, subsidiaries, any entity in which

Defendant has a controlling interest, any Defendant officer or director, any successor or assign, and any Judge who adjudicates this case, including their staff and immediate family. However, DDNY denies that a class should be certified here and denies all remaining allegations.

150. In response to paragraph 150, DDNY admits that Plaintiff purports to reserve her right to modify or amend the foregoing definition but denies that such amendment or modification should be permitted.

151. In response to paragraph 151, DDNY denies the allegations.

152. In response to paragraph 152, DDNY denies the allegations.

153. In response to paragraph 153, DDNY denies the allegations.

154. In response to paragraph 154, DDNY denies the allegations.

155. In response to paragraph 155, DDNY denies the allegations.

156. In response to paragraph 156, DDNY denies the allegations.

157. In response to paragraph 157, DDNY denies the allegations.

158. In response to paragraph 158, DDNY denies the allegations.

159. In response to paragraph 159, DDNY denies the allegations.

160. In response to paragraph 160, DDNY denies the allegations.

161. In response to paragraph 161, DDNY denies the allegations.

## CLAIMS

## COUNT I

## BREACH OF CONTRACT

**(On behalf of Plaintiff & the New York Class)**

162. DDNY incorporates by reference and realleges as if fully set forth herein its responses to paragraphs 1 to 161 of the SAC.

163. In response to paragraph 163, DDNY denies the allegations as written.

164. In response to paragraph 164, DDNY denies the allegations as written.

165. In response to paragraph 165, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, Delta Dental denies the allegations in paragraph 165.

166. In response to paragraph 166, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations in paragraph 166.

167. In response to paragraph 167, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations in paragraph 167.

168. In response to paragraph 168, DDNY denies the allegations.

169. In response to paragraph 169, DDNY denies the allegations.

170. In response to paragraph 170, DDNY denies the allegations.

171. In response to paragraph 171, DDNY denies the allegations.

***[At the Court's bench ruling on October 14, 2025, the Court dismissed the entirety of Counts II, III, and IV. Accordingly, the Paragraphs as to these Counts are omitted and DDNY need not and does not answer them.]***

**COUNT V**

**BREACH OF CONFIDENCE**

**(On behalf of Plaintiff & the New York Class)**

194. DDNY incorporates by reference and realleges as if fully set forth herein its responses to paragraphs 1 to 161 of the SAC.

195. In response to paragraph 195, DDNY states the allegations are mere legal

arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations.

196. In response to paragraph 196, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations.

197. In response to paragraph 197, DDNY denies the allegations.

198. In response to paragraph 198, DDNY denies the allegations.

199. In response to paragraph 199, DDNY denies that Adobe, Google, Datadog, and Qualtrics received non-public medical information or any personally identifiably information about Plaintiff and class members.

200. In response to paragraph 200, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations.

201. In response to paragraph 201, DDNY denies such allegations.

***[At the Court's bench ruling on October 14, 2025, the Court dismissed the entirety of Count VI. Accordingly, the Paragraphs as to this Count are omitted and DDNY need not and does not answer it.]***

**COUNT VII**

**VIOLATION OF THE NEW YORK DECEPTIVE TRADE PRACTICES ACT New York Gen. Bus. Law § 349, et seq.**

**(On Behalf of Plaintiff & the New York Class)**

211. DDNY incorporates by reference and realleges as if fully set forth herein its responses to paragraphs 1 to 161 of the SAC.

212. In response to paragraph 212, DDNY denies the allegations.

213. In response to paragraph 213, DDNY denies the allegations.

214. In response to paragraph 214, DDNY denies the allegations.

215. In response to paragraph 215, DDNY denies the allegations.

216. In response to paragraph 216, DDNY denies the allegation.

217. In response to paragraph 217, DDNY denies the allegations.

218. In response to paragraph 218, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies such allegations.

219. In response to paragraph 219, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies such allegations.

220. In response to paragraph 220, DDNY denies the allegations.

221. In response to paragraph 221, DDNY denies the allegations.

222. In response to paragraph 222, DDNY denies the allegations.

223. In response to paragraph 223, DDNY denies the allegations.

224. In response to paragraph 224, DDNY denies the allegations.

225. In response to paragraph 225, DDNY denies the allegations.

226. In response to paragraph 226, DDNY denies the allegations.

227. In response to paragraph 227, DDNY denies the allegations as written.

228. In response to paragraph 228, DDNY admits that Plaintiff alleges that she brings the Seventh Count on her own and on behalf of a purported class. However, DDNY denies that a class should be certified here and denies all remaining allegations.

229. In response to paragraph 229, DDNY denies the allegations.

## COUNT VIII

## VIOLATIONS OF ELECTRONIC COMMUNICATIONS PRIVACY ACT ("ECPA")

## 18 U.S.C. § 2511(1) et seq.

## UNAUTHORIZED INTERCEPTION, USE AND DISCLOSURE

## (On Behalf of Plaintiff & the New York Class)

230. DDNY incorporates by reference and realleges as if fully set forth herein its responses to paragraphs 1 to 161 of the SAC.

231. In response to paragraph 231, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations.

232. In response to paragraph 232, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations.

233. In response to paragraph 233, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations.

234. In response to paragraph 234, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations.

235. In response to paragraph 235, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations.

236. In response to paragraph 236, DDNY states the allegations are mere legal

arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations.

237. In response to paragraph 237, DDNY states the allegations are mere legal arguments and conclusions to which no response is required. To the extent a response is required, DDNY denies the allegations.

238. In response to paragraph 238, DDNY denies the allegations.

239. In response to paragraph 239, DDNY denies the allegations.

240. In response to paragraph 240, DDNY denies the allegations.

241. In response to paragraph 241, DDNY denies the allegations.

242. In response to paragraph 242, DDNY denies the allegations.

243. In response to paragraph 243, DDNY denies the allegations.

244. In response to paragraph 244, DDNY denies the allegations.

245. In response to paragraph 245, DDNY denies the allegations.

246. In response to paragraph 246, DDNY denies the allegations.

247. In response to paragraph 247, DDNY denies the allegations.

248. In response to paragraph 248, DDNY denies the allegations.

## PRAYER FOR RELIEF

DDNY denies Plaintiff and putative class members are entitled to any of the relief sought in the Prayer for Relief or any other relief.

## RESPONSE TO DEMAND FOR JURY TRIAL

DDNY acknowledges that the SAC contains a demand for a jury trial.

## DENIAL OF HEADINGS

DDNY restated in this Answer the headings as they appear in Plaintiff's SAC for organizational ease only. To the extent the headings purport to assert any factual allegations or legal conclusions, they are denied in their entirety.

## AFFIRMATIVE DEFENSES

DDNY hereby asserts the following affirmative defenses to Plaintiff's SAC. DDNY asserts these affirmative defenses to preserve their rights and to preclude any claim of waiver. By alleging these affirmative defenses, Delta Dental does not admit to any facts or that they have the burden of proof and/or persuasion.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

249. The SAC fails to state any claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Lack of Art. III Subject Matter Jurisdiction)**

250. Plaintiff's SAC does not allege a present or future concrete injury-in-fact sufficient for Article III standing, and therefore the SAC should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### THIRD AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

251. Plaintiff was aware of the ever-present use of cookies and similar technologies by companies in modern society, including by cookies, pixels, and web technologies placed from other websites on the internet. As such, Plaintiff assumed the risk that her personal information would be disclosed upon navigation to the Website.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

252. The doctrine of unclean hands bars Plaintiff from recovering.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Intent/Good Faith)**

253. DDNY acted in good faith and without intent to harm Plaintiff or to engage in any known wrongful act or violation of law. If any violation occurred, it was in error, notwithstanding the maintenance of procedures reasonably adopted to avoid wrongful acts or violations of law.

**SIXTH AFFIRMATIVE DEFENSE**

**(Compliance with Law)**

254. DDNY's conduct was prescribed by law and DDNY complied with all applicable laws. DDNY is therefore shielded from liability.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Fault of Plaintiffs)**

255. Plaintiff, by her own conduct, caused or contributed to her alleged injuries and damages.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Knowing or Willful Misconduct)**

256. Any conduct or violation by DDNY was not knowing or willful.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

257. Plaintiff has failed to mitigate her damages.

**TENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

258. DDNY did not proximately cause any damages, injury, or violations alleged in the SAC.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Statutory Damages/Due Process)**

259. Plaintiff's statutory damage claims fail to meet the requirements of those laws, violate DDNY's due process rights protected by the United States Constitution and the New York Constitution, and violate the constitutional prohibition against excessive fines.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

260. The doctrine of estoppel bars Plaintiff from recovering.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

261. The doctrine of waiver bars Plaintiff from recovering.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Actual Injury)**

262. Plaintiff's claims fail because they have not suffered any actual, accrued injury or damage.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Contributory Negligence)**

263. To the extent Plaintiff's damages, if any, were caused in part by Plaintiff's negligence, Plaintiff's claims are barred by the doctrine of contributory negligence.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

264. Plaintiff's recovery, if any, should be diminished by the proportion of Plaintiff's own negligence or other fault, or fault of a nonparty tortfeasor, under the doctrine of comparative fault.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Foreseeability)**

265. Plaintiff's claims are barred to the extent that Plaintiff's alleged injuries or damages, if any, were not reasonably foreseeable and to the extent that Plaintiffs' alleged injuries or damages are supported only with speculation and conjecture.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Duty of Care)**

266. Under applicable law, Delta Dental does not owe a common law duty of care to Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Constitutionally Allowed Punitive Damages)**

267. To the extent Plaintiff seeks exemplary or punitive damages, such awards are prohibited here under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Attorney's Fees)**

268. Plaintiff fails to identify a factual or legal basis for their claim for attorneys' fees.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Meet Condition Precedent)**

269. Plaintiff's claims fail, in whole or in part, for failure to satisfy conditions precedent to suing under the laws on which Plaintiff bases some or all of her claims, including but not limited to Plaintiff's failure to provide requisite written demands.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Inadequate Representative)**

270. Plaintiff's claims fail in part to the extent Plaintiff cannot maintain claims in a representative capacity under the state-law statutory causes of action.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Class Action Requirements Not Met)**

271. Plaintiff cannot properly bring this case as a class action under Federal Rule of Civil Procedure 23 because Plaintiff cannot satisfy its requirements. Individual questions of fact and law predominate over common questions, Plaintiff is not an adequate class representative, her claims are not typical of those belonging to the alleged class members, and other class requirements cannot be satisfied, among other reasons.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

272. DDNY reserves the right to plead further pending discovery, if any, and to assert all other defenses which are available under the Federal Rules of Civil Procedure and all applicable statutes and laws.

**PRAYER FOR RELIEF**

WHEREFORE, DDNY prays for judgment and relief as follows:

273. That Plaintiff and the putative class take nothing by this action;

274. That a judgment of dismissal with prejudice be entered in favor of DDNY and against Plaintiff and the putative class;

275. That DDNY be awarded it costs of suit; and

276. That DDNY be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), DDNY hereby demands a trial by jury of all triable issues.

Dated:
October 30, 2025

Respectfully submitted,

*/s/ Kari M. Rollins*

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Kari M. Rollins, NY State Bar No. 5552468
Charles Glover, NY State Bar No. 5329909
30 Rockefeller Plaza
New York, New York 10112-0015
Telephone: 212.653.8700
Facsimile: 212.653.8701
E-mail: krollins@sheppardmullin.com
E-mail: cglover@sheppardmullin.com

Wynter L. Deagle (*Pro Hac Vice*)
12275 El Camino Real, Ste 100
San Diego, CA 92130
Telephone: 858.720.8947
Facsimile: 858.509.3691
E-mail: wdeagle@sheppardmullin.com

Samuel Hyams-Millard (*Pro Hac Vice* Forthcoming)
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
E-mail: shyams-millard@sheppardmullin.com

*Attorneys for Defendant Delta Dental of New York, Inc.*